## ROSELL v. BARCUS et al.
### No. 5770.

United States District Court
W. D. Missouri, W. D.
March 13, 1950.

Swofford, Schroeder & Shanklard, Kansas City, Mo., for plaintiff.

Morrison, Nugent, Berger, Hecker & Buck, Kansas City, Mo., for defendants.

REEVES, Chief Judge.

As an inspector for the government the plaintiff claims that he was injured by reason of the negligence of the defendants in constructing a flood wall along the Missouri River. This construction, of course, was under contract with the government. In addition to his claim for damages on his first count he sues for identical damages on the second count. His action on the second count, however, is upon the theory that the injuries alleged to have accrued to him were caused by a breach of the defendants' contract with the government and that as he was beneficially interested, he was authorized to bring suit on such contract, even though the alleged breach was tantamount to a tort.

The defendants have moved to dismiss the second count of the first amended petition for the reason, as it is alleged, that it "fails to state a claim upon which relief may be granted against these defendants."

The defendants' contract with the government contains, among other provisions, one entitled, "Accident Prevention," and such clause or provision contains the following recital: "Article #27. *Accident Prevention.* In order to protect the life and health of employees in the performance of this contract, the Contractor will com-

ply with all pertinent provisions of the 'Safety Requirements for Excavation—Buildings—Construction' approved by the Chief of Engineers, December 16, 1941, as revised 15 March 1943, etc."

■ 1. It is the law of the State of Missouri repeatedly announced by the courts, " * * * that a contract between two parties on a valid consideration may be enforced by a third party, *when entered into for his benefit, though such third party may not be named in the contract, and though he was not in privity to the consideration* * * *." (Emphasis mine.) Crow v. Kaupp, Mo.Sup., 50 S.W. 2d 995, 997; Elders v. Memphis Land & Lumber Co., Mo.App., 257 S.W. 515; Moscow Mills Savings Bank v. Sitton, Mo. App., 257 S.W. 1080.

■■ 2. However the contract in this case, as above quoted, was not made for the benefit of plaintiff, who was an inspector for the government. The contract was made for the benefit of employees only. An employee is defined as "any one who performs services for another". DeRaef Corp. v. U. S., 70 F. Supp. 264, loc. cit. 269 270, 108 Ct.Cl. 255. And, furthermore, it has been held that it is essential to make one an employee that there be a contract for service either express or implied. And, generally, it has been ruled that an employee is one who renders services for either wages or salary. Quite clearly an inspector of the government was not an employee of the defendants nor was the contract made for his benefit.

Counsel for the plaintiff have called attention to a foreword in a pamphlet entitled "Safety Requirements" issued by the War Department. This foreword was admonitory and not contractual. It did not even purport to be an interpretation of the contract. But, even so, the word "employee" is not susceptible of any doubtful interpretation. It has been repeatedly defined, and, as indicated, would not include an inspector for the other contracting party.

■ 3. Furthermore, the second count would be of no benefit to the plaintiff in establishing his case. The identical proof required to support the second count would be competent on the first count. If the defendants violated the safety requirement rules incorporated in the contract, then such negligence could be proved on the first count of the complaint as well as on the second count.

It would follow that the second count performs no useful office in this litigation, and, moreover, as stated, the plaintiff is not entitled to maintain an action on the contract although his averments are that the breach amounted to a tort. It may be stated further that, by adding the second count plaintiff is claiming damages on two counts for an identical tort.

The motion to strike should be and will be sustained.